CHARLES GILLARD, RESPONDENT, v. THE MANUFACTURERS CASUALTY INSURANCE COMPANY, APPELLANT.

Argued June 4, 1918—Decided September 27, 1918.

The words, injury—damage—loss: in an accident insurance policy filed under the act of *Pamph. L.* 1916, *p.* 283, *ch.* 136, known as the auto bus or jitney act, include damages to personal property. such as, damage to an automobile.

---

On appeal from a judgment of the Orange District Court.

Before Justices BERGEN, KALISCH and BLACK.

For the respondent, *Arthur B. Seymour.*

For the appellant, *Pomerehne & Laible* and *Jacob L. Newman.*

The opinion of the court was delivered by

BLACK, J. The facts of this case are fully set out in the case of Grace Gillard against the same defendant, in an opinion filed the present term. In this case, however, there is an additional point, not involved in that case, viz., whether the policy of insurance filed by the defendant company covers damages to personal property. We think the contract of insurance is not limited to personal injuries. The words used by the insurance company to express its contract are as follows: Suits, "on account of injuries sustained by any person or persons;" "including suits alleging such injuries and demanding damages therefor;" "resulting in injuries or death

sustained by any person or persons;" "shall be for the benefit of every person suffering loss, damage or injury as described in this contract or as described in the terms of the act." *Pamph. L.* 1916, *p.* 283, *ch.* 136.

There is nothing to suggest that by the use of the words "injuries," "damages," "loss," personal injuries, damages or loss were only intended; nor do these words in their definition exclude injuries or damage to property. These words mean destruction or impairment of value, injury or harm. Injury means any wrong done or suffered; thus, we speak of an injury or damage to the person, to character or to reputation, as well as to property. 2 *Words & Phrases* 1812; 4 *Id.* 3613; 5 *Id.* 4232.

Sometimes the word "damage" is used to denote a partial destruction, while "loss" is more properly used to denote absolute or total destruction.

It is quite true the contract speaks of limiting the liability for one person injured to $5,000, and the statute (*Pamph. L.* 1916, *p.* 283, *ch.* 136, § 2) speaks of "damages on account of bodily injury or death suffered." If these were the only words used in the contract or statute descriptive of the liability covered by the insurance, there might be some force in the contention that the policy covered only injuries to the person or death suffered.

We think the contract is broad enough to cover damages to personal property.

The judgment is therefore affirmed, with costs.